664 So.2d 1071 (1995)
The HILLSBOROUGH COUNTY HOSPITAL AUTHORITY, Operating Tampa General Hospital, Hillsborough County, Florida, Appellant,
v.
Peggy Auld FERNANDEZ, Appellee.
No. 95-00810.
District Court of Appeal of Florida, Second District.
December 1, 1995.
Robert A. Vigh of Marvin Solomon, P.A., Tampa, for Appellant.
Stevan T. Northcutt of Levine, Hirsch, Segall & Northcutt, P.A., Tampa, for Appellee.
BLUE, Judge.
The Hillsborough County Hospital Authority, operating Tampa General Hospital ("Tampa General"), contends the trial court erred in finding the hospital's charges to be unreasonable and in reducing the hospital's lien by thirty-eight percent. Because we conclude the evidence was insufficient to support the trial court's ruling, we reverse.
Peggy Auld Fernandez was injured in an automobile accident and received treatment at Tampa General. Fernandez had no medical insurance or ability to pay but was pursuing a claim for personal injuries arising from the accident. Consequently, Tampa General asserted a statutory lien for its charges in Fernandez's personal injury case.[1]
After settling her personal injury claim, Fernandez challenged the reasonableness of the hospital's charges. Fernandez argued that the charges were unreasonable because Tampa General entered contracts with managed care payors[2] whereby they received *1072 discounts from Tampa General for treatment of their plan participants.
The trial court found that the hospital's charges were unreasonable and based this determination solely on evidence that managed care payors receive a discount. We hold that evidence of these contractual discounts, standing alone, is insufficient to prove that Tampa General's charges were unreasonable. Accordingly, we reverse the trial court's order reducing the hospital's lien by thirty-eight percent.
Our decision that the trial court did not have before it sufficient evidence to reduce the hospital's lien renders Tampa General's second issue moot. On remand, the trial court shall reinstate the hospital's lien for the full amount of its charges.
CAMPBELL, A.C.J., and SCHOONOVER, J., concur.
NOTES
[1] The legislature created the Hillsborough County Hospital Authority and provided in part:

The authority shall be entitled to a lien for all reasonable charges for hospital care and treatment of ill or injured persons upon any and all causes of action, suits, claims, counterclaims and demands accruing to the persons or legal representatives of the persons to whom such care or treatment are furnished and upon all judgments, settlements and settlement agreements entered by virtue of such illness or injury.
Ch. 80-510, § 17, at 149, Laws of Fla. (emphasis added).
[2] Although referring principally to health maintenance organizations and preferred provider organizations, the evidence also pertained to discounts received by Medicare, Medicaid and workers' compensation.